IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONZO YOUNG, #B76146, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 12-cv-108-MJR |
| | ) |
| SALVADOR GODINEZ, | ) |
| DAVID A. REDNOUR, | ) |
| MR. ATKENSON, and | ) |
| MICHAEL A. MIFFLIN, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Young, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a fifty year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim

1

upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

**<u>The Complaint</u>**

In Plaintiff's pro se complaint in this case, Plaintiff received a disciplinary ticket on August 2, 2011, sentencing him to six months of segregation. Despite the policy requiring tickets to be heard within fourteen working days, the ticket was not heard until thirty-five days later. Plaintiff argued at the hearing that the ticket was out of date and should be thrown out, but was still given six months of segregation. Plaintiff

2

filed two grievances and wrote to Defendant Warden Atkenson, yet received no responses. He wrote to the Illinois Department of Corrections Administrative Review Board as well, which responded with a letter stating that Menard needed to handle the problem. Plaintiff subsequently waited some time for Menard's response before filing this complaint.

Plaintiff seeks dismissal of the ticket from his record, a transfer from Menard, and monetary compensation for time spent in segregation.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Due Process Daily of Disciplinary Hearing**

Plaintiff argues that his disciplinary ticket should be thrown out, since the hearing did not taken place within the fourteen day period denoted by Menard's disciplinary hearing procedure. However, Plaintiff fails to plead facts to state a due process claim. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

3

> Wolff required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal.  418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

In regard to disciplinary hearings, Wolff outlines the only constitutional rights guaranteed to inmates.  Plaintiff does not describe any procedural violations implicating the *Wolff* factors, complaining only of the thirty-five day wait before the hearing took place.  Plaintiff fails to plead facts indicating that the defendants imposed his time in segregation, which he describes as an "atypical and significant hardship," upon him without due process of law.  Without a due process failure, it is unnecessary for this Court to conduct an inquiry into the conditions of Plaintiff's confinement.  Plaintiff's claim shall be dismissed without prejudice.

**Count 2 – Due Process Failure to Address Grievances**

Plaintiff complains that his grievances and letter to the warden were ignored and his letter to the Administrative Review Board answered unsatisfactorily.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*,

4

681 F.2d 1091, 1100-01 (7th Cir. 1982). Because Plaintiff's complaints regarding the handling of his grievances do not rise to the level of a constitutional violation, he has failed to state a due process claim. Therefore, this claim shall be dismissed with prejudice.

**Defendants – Salvador Godinez, David A. Rednour, and Michael A. Mifflin**

Though Plaintiff names Defendants Salvador Godinez, David A. Rednour, and Michael A. Mifflin in the caption of his complaint, he fails to list them elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe complaints, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. See *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)

("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Godinez, Rednour, and Mifflin elsewhere in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants Godinez, Rednour, and Mifflin will be dismissed from this action without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** fails to state a claim upon which relief may be granted, and is thus **DISMISSED without prejudice**. **COUNT 2** is **DISMISSED with prejudice**. Defendants **GODINEZ**, **REDNOUR**, and **MIFFLIN** are **DISMISSED** from this action **without prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:  8/9/2012**

*s/ MICHAEL J. REAGAN*
Michael J. Reagan
United States District Judge

6